# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5426 | **DATE** | JANUARY 10, 2001 |
| **CASE TITLE** | Billy C. Harper v. EEOC | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons stated in the attached Memorandum Opinion and Order, the defendant United States' motion to dismiss the plaintiff's complaint is GRANTED.

(11) ☐ [For further detail see order on reverse side of the original minute order.]

X No notices required, advised in open court. — To def.
☐ No notices required.
X Notices mailed by judge's staff. To the Plaintiff
☐ Notified counsel by telephone.
☐ Docketing to mail notices.
X Mail AO 450 form.  copies given out in Court
☐ Copy to judge/magistrate judge.

vg(lc) courtroom deputy's initials

Date/time received in central Clerk's Office — mailing deputy initials

JAN 12 2001 — date docketed
1-10-01 — date mailed notice

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



DOCKETED
JAN 1 2 2001

| | |
|---|---|
| Billy C. Harper<br>　　　　　**Plaintiff,**<br>　　v.<br>EEOC,<br>　　　　　**Defendant.** | No. 00 C 5426<br><br>HONORABLE DAVID H. COAR |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Billy C. Harper, after being discharged from his employment, contacted the Equal Employment Opportunity Commission ("EEOC") with allegations that his discharge was motivated by unlawful age discrimination. The EEOC denied his charge as untimely. Harper opted to file suit against his employer in federal court and obtained $300,000 in damages. Upon settling his claim with his employer, Harper brought a complaint against the several individuals employed by the EEOC for negligently and intentionally refusing to investigate Harper's claim of age discrimination. In response, the EEOC has filed a motion to substitute the United States as a defendant and to dismiss plaintiff's complaint for lack of subject matter jurisdiction and failing to allege a cause of action upon which relief can be granted. On November 14, 2000, this court granted the defendants' motion to substitute the United States as a defendant.

### Standard of Review For Motion To Dismiss

A motion to dismiss does not test whether the plaintiff will prevail on the merits, but instead whether the has properly stated a claim for which relief may be granted. Pickrel v. City

-1-



of Springfield, Ill., 45 F.3d 1115 (7th Cir. 1995). The court must accept as true all of the plaintiff's well-pleaded factual allegations, as well as all reasonable inferences. Id. Thus, the court will dismiss a complaint only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Ledford v. Sullivan, 105 F.3d 354, 357 (7th Cir. 1997) (quoting Hishon v. King & Spalding, 467 U.S. 69, 78, 104 S. Ct. 2229, 2232 (1984)). Any ambiguities are construed in favor of the plaintiff. Curtis v. Bembenek, 48 F.3d 281, 283 (7th Cir. 1995). However, the court need "not strain to find inferences favorable to the defendant which are not apparent on the face of the complaint." Coates v. Illinois State Bd. of Ed., 559 F.2d 445, 447 (7th Cir. 1977).

## Analysis

Before this court is defendant United States' motion to dismiss plaintiff Billy C. Harper's ("Harper") complaint for lack of subject matter jurisdiction and failing to allege a cause of action upon which relief can be granted. For the following reasons, the defendant's motion is GRANTED.

A.      Count I

With the United States properly substituted as a defendant, count one of plaintiff's complaint, alleging negligence under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., 28 U.S.C. § 1331, 28 U.S.C. § 1343(3) and 28 U.S.C. § 1346(b), is dismissed for lack of subject matter jurisdiction because Harper failed to file an administrative claim.

"An action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing" or six months have

passed without a decision. 28 U.S.C. § 2675(a); McNeil v. United States, 964 F.2d 647, 648 (7th Cir. 1992). The filing of a claim is a jurisdictional prerequisite to maintaining a civil action for damages against the United States under the FTCA. Best Bearings v. United States, 463 F.2d 1177, 1179 (7th Cir. 1972); there can be no waiver of this requirement. See, e.g., Blair v. United States, 552 F.2d 289 (9th Cir. 1977).

Since Harper has not filed an administrative claim with the EEOC and had it denied in writing, Harper may not bring this FTCA lawsuit against the EEOC in district court. McNeil v. United States, 113 S.Ct. 1980 (1993). Count I of the plaintiff's complaint is dismissed for lack of subject matter jurisdiction.

B. Count II

Count II of the plaintiff's complaint, alleging a cause of action under Bivens and seeking relief for a deprivation of due process and equal protection by individuals at the EEOC because, is dismissed for failure to state a claim upon which relief may be granted.

It is well-settled law that there is no private right of action by an aggrieved employee against the EEOC. McCottrell v. Equal Employment Opportunity Commission, 726 F.2d 350, 351-352 (7th Cir. 1983); Stewart v. Equal Employment Opportunity Commission, 611 F.2d 679, 683 (7th Cir. 1979); Ward v. Equal Employment Opportunity Commission, 719 F.2d 311, 313 (9th Cir. 1983).

In this case, Harper brought an allegation of discrimination against his employer to the EEOC. The EEOC determined that it was not timely filed. Despite the EEOC's response, Harper brought suit against his employer and obtained a $300,000 recovery. Harper's claim that

the inaction of the EEOC caused him to have to bring a lawsuit against his employer is not reviewable by this court. Therefore, Count II of the plaintiff's complaint is dismissed.

## Conclusion

For the foregoing reasons, the defendant United States' motion to dismiss the plaintiff Harper's complaint is GRANTED.

**Enter:**

_David H. Coar_

**David H. Coar**

**United States District Judge**

Dated: January 10, 2001